IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ROGER SMITH, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 5:23-cv-41 |
| v. | |
| DISTRICT ATTORNEYS OFFICE, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S CLAIMS[1]

Plaintiff's claims arise from his criminal trial in the Superior Court of Ware County beginning on January 29, 2023. Doc. 1 at 6. Plaintiff alleges the District Attorney showed "altered and/or tampered video footage to courts and/or jury." Id. Plaintiff alleges Defendant Gage gave false testimony during the trial. Defendant Kight, the presiding judge, erred during the trial, and the court changed two "not guilty" verdicts to "nolle pros." Id. Plaintiff attached

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

several motions and rulings from the Superior Court of Ware County to his Complaint. Id. at 11–17, 23–30.

Plaintiff alleges he was unlawfully sentenced to 20 years in prison, the first 7 years in confinement and the remaining time on probation. Id. at 18. Plaintiff requests a full acquittal and an investigation of the Superior Court of Ware County. Id. Plaintiff also requests monetary damages to compensate for losses caused by his confinement, including the loss of his job, being deprived of his "rights and liberties of being a father," and for "the blatant disregard to judicial process and a [person's] rights."[2] Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

---

[2] Plaintiff filed a notice to "increase the monetary punitive damages from $125,000 to $250,000 and [Plaintiff] also intends to increase monthly by $9600 for every month served unlawfully." Doc. 13. Plaintiff explains he has been attacked while incarcerated, but he does not bring any added claims for the attacks. Instead, Plaintiff apparently seeks higher compensation for his unlawful sentence because of the conditions of his confinement.

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

### I.  Plaintiff's Claims for Injunctive Relief Are Barred

Plaintiff requests acquittal and an investigation of his prosecution. Doc. 1 at 18. However, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); see also Johnson v. Chisholm, No. 4:09-cv-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining a pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241).

To the extent Plaintiff is challenging the fact and duration of his confinement and is seeking release from that confinement, he is requesting habeas corpus relief. Before bringing a federal habeas action, a plaintiff is required to fully exhaust state remedies. Wilkinson, 544 U.S. at 79 (citing Preiser, 411 U.S. at 486). Here, there is no indication Plaintiff has fully exhausted his state remedies, and he has not satisfied a necessary prerequisite for filing a federal habeas

3

petition.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for injunctive relief.

II.     **Plaintiff's Claims Against the District Attorney's Office, the Waycross Judicial Circuit, and the Superior Court of Ware County Are Not Asserted Against a Proper Party**

Plaintiff brings claims against the District Attorney's Office, the Waycross Judicial Circuit, and the Superior Court of Ware County.  Doc. 1 at 1–4.  To state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  Local governments qualify as "persons" under § 1983, but state agencies and courts are generally not considered legal entities subject to suit.  See Nichols v. Ala. State Bar, 815 F.3d 726, 731(11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Stegeman v. Georgia, 290 F. App'x 320, 322–23 (11th Cir. 2008) (finding § 1983 claims against state courts were barred by the Eleventh Amendment) (citing Kaimowitz v. Fla. Bar, 996 F.2d 1151 (11th Cir. 1993)); Harris v. Elmore Cnty. D.A. Off., No. 2:13-CV-41, 2013 WL 1084294, at *1 (M.D. Ala. Jan. 30, 2013) (finding a district attorney's office and state courts are not subject to suit under § 1983), report and recommendation adopted, 2013 WL 1080476 (M.D. Ala. Feb. 26, 2013).  Consequently, the District Attorney's Office, the Waycross Judicial Circuit, and the Superior Court of Ware County are not viable defendants in a § 1983 action.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against them.

III.    **Defendants Bennett and Schoilmeyer Are Immune to Plaintiff's Claims**

Plaintiff brings claims against District Attorney Marilyn Bennett and Assistant District Attorney Robert Schoilmeyer.  Doc. 1 at 3.  Plaintiff's claims against these Defendants fail.

4

Prosecutors are entitled to absolute immunity for claims seeking "monetary relief arising out of actions performed within their official authority." Tarter v. Hury, 646 F.2d 1010, 1012 (5th Cir. 1981). A prosecutor is entitled to absolute immunity from § 1983 liability when he acts within the scope of his prosecutorial duties "in initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 420, 431 (1976). Determining when and how to prosecute a case are normal prosecutorial functions. Allen v. Se. Ga. Health Sys., No. CV208-146, 2009 WL 982102, at *3 (S.D. Ga. Apr. 10, 2009) (citing Tarter v. Hury, 646 F.2d 1010, 1012 (5th Cir. 1981)). Therefore, Plaintiff's claims against Defendants Bennett and Schoilmeyer for monetary damages must fail. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Bennett and Schoilmeyer for monetary damages.

IV.     **Defendant Judge Jeffery H. Kight Is Immune to Plaintiff's Claims**

Plaintiff also attempts to assert a § 1983 claim against Judge Jeffery H. Kight. Doc. 1 at 1–3. Plaintiff's claim fails. Judges enjoy absolute immunity from § 1983 suits for "acts committed within their judicial jurisdiction." Imbler, 424 U.S. at 418 (quotation omitted).

> Absolute judicial immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction . . . . Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (citations and quotations omitted). Deciding motions and presiding over a jury trial are normal judicial functions in a case pending before the judge. Therefore, Plaintiff's claims against Judge Kight must fail. Thus, I **RECOMMEND** the Court to **DISMISS** Plaintiff's § 1983 claims against Judge Kight.

## V.     Defendant Gage Is Immune to Plaintiff's Claims

Plaintiff brings claims against Defendant Gage, a Waycross Police Officer, for giving "false testimony about the evidence he supposedly secured during investigation and entered into inventory." Doc. 1 at 6. Plaintiff's claims against Defendant Gage fail on immunity grounds. "Witnesses are granted absolute immunity for their testimony during trials[.]" Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) (citing Briscoe v. LaHue, 460 U.S. 325 (1983)). Without immunity, "[w]itnesses 'might be reluctant to come forward to testify,' and even if a witness took the stand, the witness 'might be inclined to shade his testimony in favor of the potential plaintiff' for 'fear of subsequent liability.'" Rehberg v. Paulk, 566 U.S. 356, 367 (2012) (quoting Briscoe, 460 U.S. at 333). Criminal liability for perjury deters false witness testimony. Id. Police officers are also granted absolute immunity for their testimony during trials. Jones, 174 F.3d at 1281 (citing Briscoe, 460 U.S. 325); see also Sharp v. City of Huntsville, 730 F. App'x 858, 861 (11th Cir. 2018) ("Police officers, however, are entitled to absolute immunity from liability under section 1983 for their testimony during trials, even if the officer is alleged to have committed perjury." (emphasis in original) (citing Jones v. Cannon, 174 F.3d 1271, 1281, 1286 (11th Cir. 1999))). Therefore, Plaintiff's claims against Defendant Gage must fail. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's § 1983 claims against Defendant Gage.

In sum, Plaintiff fails to state any cognizable claim under § 1983. Because all of Plaintiff's claims fail, I **RECOMMEND** the Court **DISMISS** his entire Complaint.[3]

---

[3]     Although I recommend dismissal of Plaintiff's Complaint for failure to state a cognizable claim, I also find Plaintiff failed to fully disclose his litigation history, which would provide an alternative basis for dismissal. The Complaint form asks Plaintiff directly, "Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?" Doc. 1 at 31–32. Plaintiff responded, "No." Id. at 32. However, Plaintiff's litigation history reveals he brought another lawsuit

6

VI.     **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore, 203 F. App'x at 323 (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

---

relating to his conditions of confinement before filing this case: Smith v. Wheeler Corr. Inst., No. 5:21-cv-27 (S.D. Ga. Sept. 13, 2021) (complaining about prison medical treatment).

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 14th day of May, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA