# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

ROGER SMITH, JR.,

    Plaintiff,

v.

DISTRICT ATTORNEYS OFFICE, et al.,

    Defendants.

5:23-cv-41

### ORDER

The Magistrate Judge issued a Report, recommending the Court dismiss Plaintiff's Complaint in its entirety. Dkt. No. 14. Plaintiff objects to that recommendation. Dkt. No. 18. For the following reasons, the Court **OVERRULES** Plaintiff's Objections. Further, the Court **DENIES as moot** Plaintiff's Motion for Discovery. Dkt. No. 19.

In the Report, the Magistrate Judge recommended the Court dismiss all of Plaintiff's claims. Dkt. No. 14. The Magistrate Judge concluded: Plaintiff's claims for injunctive relief are barred; the District Attorney's Office, the Waycross Judicial Circuit, and the Superior Court of Ware County are not proper Defendants; and District Attorney Marilyn Bennett, Assistant District Attorney Robert Schoilmeyer, Judge Jeffery H. Kight, and Officer Gage have immunity against Plaintiff's claims. <u>Id.</u> at 4–

6. The Magistrate Judge also recommended the Court deny Plaintiff leave to appeal in forma pauperis. Id. at 3-7.

Plaintiff raises objections to each of the Magistrate Judge's recommendations. Dkt. No. 18. First, Plaintiff argues the Magistrate Judge overlooked Plaintiff's contentions the Superior Court of Ware County and Judge Kight acted illegally when sentencing Plaintiff. Id. at 2. However, the Magistrate Judge found Plaintiff cannot pursue claims for damages against the Superior Court of Ware County because it is not a proper party defendant under 42 U.S.C. § 1983. Dkt. No. 14 at 4. The Magistrate Judge also found Judge Kight has immunity from Plaintiff's claims. Id. at 5. Plaintiff does not respond to or undermine the Magistrate Judge's conclusions in his first Objection. Therefore, this Objection is not responsive, and the Court **OVERRULES** it.

Next, Plaintiff argues the Magistrate Judge failed to consider his claims for injunctive relief as involuntary servitude claims. Dkt. No. 18 at 3-4. The Thirteenth Amendment bans slavery and involuntary servitude except as a punishment for a crime. However, Plaintiff cannot challenge the fact or duration of his confinement under § 1983, as the Magistrate Judge explained. Dkt. No. 14 at 3-4. Because Plaintiff is challenging the lawfulness of his criminal punishment, he cannot obtain injunctive relief through his § 1983 claims. This Objection is without merit, and the Court **OVERRULES** it.

2

Plaintiff also disagrees with the Magistrate Judge's conclusion the District Attorney's Office, the Waycross Judicial Circuit, and the Superior Court of Ware County are not "persons" subject to suit under § 1983. Dkt No. 18 at 5-7. As the Magistrate Judge explained, state agencies and courts are not persons subject to suit under § 1983. Plaintiff's arguments on this point are difficult to discern. Ultimately, he fails to explain how the District Attorney's Office, the Waycross Judicial Circuit, or the Superior Court of Ware County are persons subject to suit under § 1983, so the Court **OVERRULES** this Objection.

Plaintiff next argues Defendants Bennett and Schoilmeyer are not entitled to prosecutorial immunity because they acted outside of the scope of their prosecutorial function. Dkt. No. 18 at 8-9. Plaintiff alleged the prosecutors "showed altered and/or tampered video footage to courts and/or jury" in his Complaint. Dkt. No. 1 at 6. However, "even if [a prosecutor] knowingly proffered perjured testimony and fabricated exhibits at trial, he is entitled to absolute immunity from liability for doing so." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279-80 (11th Cir. 2002). Because Plaintiff has not alleged Defendants Bennett and Schoilmeyer acted outside the scope of their prosecutorial functions, they are immune from Plaintiff's claims, and the Court **OVERRULES** this Objection.

3

Plaintiff also disagrees with the Magistrate Judge that Defendant Kight is entitled to absolute judicial immunity. Dkt. No. 18 at 10-11. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); and Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. (citing Stump, 435 U.S. at 356). Plaintiff argues Judge Kight violated the law and exceeded his jurisdiction. However, Plaintiff does not allege any act Judge Kight made outside of his judicial capacity or in clear absence of all jurisdiction. Accordingly, the Court **OVERRULES** this Objection.

Plaintiff disagrees with the Magistrate Judge that Defendant Gage is entitled to immunity for his testimony against Plaintiff at trial. Dkt. No. 18 at 12-13. Trial witnesses, including police officers, maintain absolute immunity against § 1983 claims for their acts of testimony. Briscoe v. LaHue, 460 U.S. 325, 335-36 (1983). Plaintiff insists Defendant Gage committed perjury. Dkt. No. 18 at 12. Even if this were true—a finding not made—Defendant Gage maintains immunity from Plaintiff's § 1983 claim. Accordingly, the Court **OVERRULES** this Objection.

Finally, Plaintiff objects to the Magistrate Judge's recommendation to deny Plaintiff leave to appeal *in forma pauperis*. Id. at 14-15. The Court agrees with the Magistrate Judge that Plaintiff has no non-frivolous issues to raise on appeal, even considering Plaintiff's Objections. Plaintiff offers only conclusory arguments to the contrary. Thus, the Court **OVERRULES** Plaintiff's Objection regarding his ability to appeal *in forma pauperis*.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **DISMISSSES** Plaintiff's Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal. Further, the Court **DENIES as moot** Plaintiff's Motion for Discovery.

SO ORDERED, this  9  day of August, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA