# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| ROGER SMITH, JR., <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT ATTORNEY'S OFFICE, et al., <br><br> Defendants. | 5:23-cv-41 |

### ORDER

Plaintiff submitted a "Second Objection" to the Magistrate Judge's Report and Recommendation, dkt. no. 26, which I construe as a Motion to Recuse the Magistrate Judge.[1]  In this filing, Plaintiff contends the Magistrate Judge's recommendations "should be looked upon as bias and generalized as prejudice." Id. at 1; see also id. at 3.

---

[1] "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). To the extent Plaintiff intends his filing to constitute new objections to the Magistrate Judge's Report and Recommendation, he offers no basis for the Court to consider the late objections and nothing in the filing warrants reassessing the Court's previous conclusions and judgment.

Sections 144 and 155 of Title 28 of the United States Code govern recusal. Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012). Under § 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). Under § 455(a), a judge must disqualify himself if his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) requires recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Any doubts must be resolved in favor of recusal. United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989).

Plaintiff fails to point to any grounds that would require the Magistrate Judge's recusal, nor does he provide an affidavit—timely or otherwise—as support for his assertion. Plaintiff merely disagrees with the Magistrate Judge's analysis and conclusions. See Dkt. No. 26. Generally, judicial rulings "cannot serve as the

2

basis for recusal or cast doubts on impartiality unless [the moving party] establishes pervasive bias and prejudice." Jones, 459 F. App'x at 811 (citing United States v. Archbold-Newball, 554 F.2d 665, 682 (5th Cir. 1977)). Plaintiff fails to: (i) establish pervasive judicial bias or prejudice against him; (ii) demonstrate deep-seated or unequivocal antagonism rendering fair judgment impossible; or (iii) otherwise raise an objective doubt about the assigned judge's impartiality. See Liteky v. United States, 510 U.S. 540, 555-56 (1994).

Thus, the Court **DENIES** Plaintiff's construed Motion for Recusal. The Court's August 9, 2024 remains the Order of this Court, and this case remains **CLOSED**. Dkt. Nos. 23, 24.

**SO ORDERED**, this 16 day of September, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA